# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ANTHONY J. GREEN, | |
| Plaintiff, | No. C14-3074-MWB |
| vs. | **ORDER** |
| CHANTLAND COMPANY, | |
| Defendant. | |

This case is before me on a second motion (Doc. No. 64) by defendant Chantland Company (Chantland) to impose sanctions against pro se plaintiff Anthony J. Green (Green). Chantland requests dismissal with prejudice or, at least, a monetary sanction. Chantland also seeks to extend existing deadlines and continue the trial date.

Green has filed a response (Doc. No. 65) in which he states that he agrees with the requested extensions and continuance but denies that sanctions are appropriate. I conducted an in-court hearing on January 15, 2016. Green appeared personally. Chantland appeared through its attorney, Kirke Quinn. The motion is fully submitted and ready for decision.

## *RELEVANT BACKGROUND*

After receiving leave (Doc. No. 2) to proceed in forma pauperis, Green filed his pro se complaint (Doc. No. 3) on November 13, 2014. He contends that he was previously employed by Chantland. When liberally construed, his complaint alleges that he experienced a hostile work environment, suffered retaliation and ultimately was discharged because of his race. Chantland has filed an answer (Doc. No. 6) denying

Green's claims. Discovery closed on January 15, 2016, and trial is scheduled to begin June 6, 2016. *See* Doc. Nos. 28, 63.

On May 27, 2015, Chantland filed a motion (Doc. No. 37) to compel initial disclosures, noting that the deadline for such disclosures had passed and that Green had not complied with the Rule 26(a) initial disclosure requirements. Instead of filing a resistance, Green filed a document (Doc. No. 39) on June 16, 2015, that appeared to be an effort to comply with those requirements. Thus, I denied the first motion to compel as moot but advised Chantland that it could renew the motion if Green's initial disclosures were inadequate. *See* Doc. No. 40.

That turned out to be the case, as Chantland filed a second motion (Doc. No. 41) to compel initial disclosures on June 16, 2015. The motion described various ways in which Green's disclosures were deficient. Green did not resist the second motion. As such, and because Chantland had accurately described deficiencies, I granted the second motion on July 13, 2015 and ordered Green to satisfy his initial disclosure requirements by July 30, 2015. *See* Doc. No. 42. I warned him that he would face sanctions if he failed to comply. *Id*.

Meanwhile, Chantland scheduled Green's deposition for 1:00 p.m. on July 20, 2015, at the Humboldt County Courthouse in Dakota City, Iowa. As Chantland's counsel was driving to the deposition, he received a call from Leonard Bates, an attorney in Des Moines, who indicated that he had been retained to represent Green during the deposition. Bates indicated that he was running late. Because of this call, Chantland's counsel did not commence the deposition at 1:00 p.m. but, instead, waited for Bates to arrive. He arrived at approximately 2:15 p.m., thus delaying the start of the deposition by over an hour. The deposition then had to adjourn before it could be completed because the Humboldt County Courthouse closed at 4:30 p.m.[1] Chantland's counsel

---

[1] Neither Bates nor any other attorney has filed an appearance for Green in this case.

stated that it would be necessary to complete the deposition at a later date and Bates responded: "Yep, no objection to that." Doc. No. 56-1 at 21. Bates then advised Chantland's counsel that he should contact Green directly to schedule the completion of the deposition. *Id.*

Green did not comply with the July 30, 2015, deadline set forth in my order of July 13, 2015. As a result, Chantland filed its first motion for sanctions on August 4, 2015. Green did not resist the motion. Nor did he appear at a hearing to address the motion. *See* Doc. No. 53. Later, at my direction, he filed materials explaining his failure to appear. *See* Doc. Nos. 53, 60. I found Green's explanation to be adequate and thus did not take his failure to appear into account in considering the motion for sanctions. *See* Doc. No. 61. However, based on Green's failure to comply with my prior order, and his initial disclosure requirements, I granted the motion for sanctions on November 10, 2015. *Id.* at 7. The sanctions included the exclusion of certain evidence and the imposition of additional disclosure requirements. *Id.* at 6-7.

### *THE CURRENT DISPUTE*

On November 12, 2015, Chantland served Green with a cover letter and deposition notice by mail. Doc. No. 64-2 at 1-2. Both the letter and the notice indicated that Green was required to appear for the completion of his deposition at 1:00 p.m. on December 7, 2015. *Id.* The notice indicated that the deposition would again take place at the Humboldt County Courthouse. *Id.* at 2. Green acknowledges that this location is just a few blocks from his residence.

Green did not appear for his deposition and did not call Chantland's counsel to indicate that he would not be attending. Thus, Chantland's counsel drove from his office in Boone, Iowa, to the location of the deposition, but was unable to conduct the

3

deposition. Chantland had arranged to have a court reporter and videographer present, as well, thereby incurring additional expenses.

During the hearing, Green indicated that although he is acting pro se, a paralegal is assisting him in this case. He stated that when he receives mail about the case, he reviews it himself and then provides it to the paralegal. Green does not deny that he received the cover letter and deposition notice. However, he claims that he does not recall reviewing those materials and did not realize that he was required to appear on December 7, 2015. He also states that the paralegal did not bring this obligation to his attention. He contends that if he would have understood the obligation, he would have appeared. He points to the fact that he appeared for the hearing, which required a drive of more than two hours, as evidence that he would have attended a deposition a few blocks from his home if he had known that he was required to do so.

Chantland's counsel acknowledges that he had no communications with Green about the deposition, other than mailing the cover letter and notice, before December 7, 2015. Thus, Green was not contacted in advance of the notice to determine if he could appear on that date. Nor was he contacted after the notice was issued to confirm that he received the notice and was aware of the deposition.

## *ANALYSIS*

"The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include, among other things, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part, or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(d)(3) (incorporating portions of Fed. R. Civ. P. 37(b)(2)(A)). Moreover, "[i]nstead of or in addition to these

sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Here, it is undisputed that Green was properly served[2] with notice of the deposition and that he did not appear, as required. Because he does not deny receipt of the notice, I find that some form of sanction is warranted. However, based on Green's statements during the hearing, I find that he did not act deliberately or in bad faith. I accept Green's explanation that he did not understand the significance of the notice and, therefore, did not realize that he was required to appear for a deposition on December 7, 2015. There is no dispute that he appeared for his first scheduled deposition, on July 20, 2015. Likewise, he made the approximately two-hour drive from his residence to the Sioux City courthouse for the hearing on January 15, 2016. Rightly or wrongly, Green appears to have a sincere belief that he was wronged by Chantland and is motivated to purse his claims. Under these circumstances, it is difficult to understand why Green would put this lawsuit at risk by skipping his deposition intentionally.

I also note that a finding of deliberate, bad faith behavior would be far-easier to make if Chantland's counsel would have done something other than simply dropping a cover letter and deposition notice in the mail. For starters, it is common courtesy to consult with an opposing party regarding the scheduling of depositions or other matters.[3] I find it surprising that Chantland selected and noticed the December 7 date unilaterally.

---

[2] In combination, Federal Rules of Civil Procedure 5(b)(2)(C) and 30(b)(1) make it clear that mailing a deposition notice to a party's last known address constitutes proper notice.

[3] For example, the aspirational Iowa Standards for Professional Conduct provide that attorneys should consult with either other "regarding scheduling matters in a good faith effort to avoid scheduling conflict." Iowa Court Rule 33.2(16).

Moreover, having issued the deposition notice on November 12, 2015, Chantland had over three weeks to contact Green and confirm the scheduled deposition. Green has expressed confusion about court procedures, and his own obligations, throughout this case.[4] Chantland had no duty to follow up with Green to make sure he understood the deposition notice and intended to appear. However, doing so would have gone a long way toward either (a) prompting Green's appearance or, at least, (b) bolstering Chantland's claim that Green's nonappearance was intentional.

Federal courts have "wide discretion" to fashion an appropriate sanction for discovery violations, but that discretion narrows as the severity of the sanction increases. *Wegener*, 527 F.3d at 692 (citing *Heartland Bank v. Heartland Home Fin.*, Inc., 335 F.3d 810, 817 (8th Cir. 2003)). Because I am unable to conclude that Green acted deliberately or in bad faith, I will not impose the extreme sanction of dismissal. *See, e.g.*, *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (holding that in the absence of deliberate or bad faith conduct, "the court must investigate whether a sanction less extreme than dismissal would suffice") (quoting *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014), in turn quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)). Moreover, in light of Green's status as an in forma pauperis litigant, I find that an award of attorney fees and expenses would be unjust. *See* Fed. R. Civ. P. 37(d)(3).

Instead, I find the following sanctions to be appropriate:

> 1. Green shall pay fifty dollars ($50.00) to Chantland. While I realize that this hardly puts a dent in the amount of attorney fees and expenses Chantland incurred as a result of Green's failure to appear, I have

---

[4] For example, during the hearing on Chantland's first motion for sanctions, Green claimed not only that he did not understand my order of July 13, 2015, but also that he thought he satisfied his obligations by showing up for his deposition and answering Chantland's questions on July 20, 2015. Whether Green's professions of confusion are sincere or insincere, he has regularly indicated that he is not sure about what he is required to do and when he is required to do it.

no reason to believe that Green can afford to pay a monetary sanction that might actually reimburse Chantland for that amount. Green's payment shall be in the form of cash, check or money order and shall be delivered to the office of Chantland's counsel to be applied toward the expenses Chantland incurred in this matter on December 7, 2015.

    2. Green shall appear for a rescheduled deposition at the office of Chantland's counsel in Boone, Iowa. Chantland's counsel shall confer in good faith with Green to schedule the date and time for the deposition. It will be Green's responsibility to arrange for transportation to the location of the deposition.

Green has now been sanctioned twice. Moreover, this is the second time I have accepted the truth of Green's explanation for nonappearance (the first time involved Green's failure to appear for a hearing on September 21, 2015). Most litigants, even pro se ones, manage to pursue their claims without missing even one proceeding. Thus, Green is now on very thin ice. Any further failure to comply with the court's orders or to appear when and where he is required to do so is likely to result in the impositions of harsh sanctions, up to and including dismissal with prejudice.

Finally, I will grant Chantland's request to continue trial and extend existing deadlines, as set forth in the conclusion of this order, *infra*.

## *CONCLUSION*

Chantland's second motion (Doc. No. 64) to impose sanctions against Green is **granted**. Green is hereby **sanctioned**, as set forth above. In addition:

    1. The trial of this case, currently scheduled to begin June 6, 2016, is hereby **continued**. A new trial date will be established by separate order.

    2. The scheduling order is hereby **amended** to establish the following new deadlines:

| | |
|---|---|
| Close of Discovery: | **April 1, 2016** |
| Dispositive Motions: | **May 2, 2016** |
| Trial Ready Date: | **September 6, 2016** |

**IT IS SO ORDERED.**

**DATED** this 19th day of January, 2016.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE