# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ANTHONY JAMES GREEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHANTLAND COMPANY,<br><br>　　　　Defendant. | No. C14-3074-LTS<br><br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

_____

## I.　　INTRODUCTION

This case is before me on defendant's motion (Doc. No. 76) for summary judgment. Plaintiff did not file a resistance. No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for decision.

## II.　　PROCEDURAL HISTORY

Plaintiff Anthony James Green, acting pro se, filed a motion (Doc. No. 1) for leave to proceed in forma pauperis and a complaint (Doc. No. 3) on November 13, 2014. The complaint asserts various employment-related claims against defendant Chantland Company (Chantland), including hostile work environment, retaliation and discriminatory discharge. Green states that his claims are brought pursuant to various statutes, including 42 U.S.C. § 1983, "Labor Code § 6310" and Title VII of the Civil Rights Act of 1964. Doc. No. 3 at 4-6.

On December 12, 2014, Chantland filed an answer (Doc. No. 6) denying Green's claims. Since filing his complaint, Green has filed numerous pro se motions, including motions to amend. *See* Doc. Nos. 18, 25, 34. They have been denied. Green has

also failed to comply with various court rules and discovery orders. *See* Doc. Nos. 61, 68. This has significantly slowed the progress of this case.

On January 15, 2016, Green filed a second, similar, action against Chantland and another defendant that, again, alleged wrongful discharge. *See* C16-3004-LTS, Doc. Nos. 1, 5. However, he filed a motion to dismiss the second lawsuit on June 27, 2016, which was granted on July 1, 2016. *Id.* at Doc. Nos. 10-11.

Chantland filed its motion for summary judgment on May 2, 2016. Green has not filed a resistance and the deadline for his resistance expired long ago. *See* N.D. Iowa L.R. 56(b) (21-day deadline for filing materials in resistance to a motion for summary judgment). On June 2, 2016, Green filed a motion (Doc. No. 79) seeking a continuance of both this case and his second lawsuit. On June 6, 2016, I entered an order (Doc. No. 81) denying that motion on grounds that it requested a continuance for an indefinite period of time and did not allege good cause. Trial in this case is set to begin October 17, 2016.

## III. RELEVANT FACTS

I find the facts set forth below to be undisputed for purposes of Chantland's motion for summary judgment:[1]

Chantland is a Michigan corporation that operates its "Pulleys & Rollers Division" in Humboldt, Iowa, where Green worked. Green was employed by Chantland from July 23, 2012, until February 24, 2014. Green had a history of discipline issues prior to his discharge. In October 2012, Green and a coworker were instructed to stop any

---

[1] These facts are set forth in Chantland's statement of undisputed facts (Doc. No. 76-2) and are supported by evidence contained in Chantland's appendix (Doc. No. 76-3). They are deemed undisputed by operation of Local Rule 56(b), with provides that "[t]he failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact." N.D. Ia. L.R. 56(b).

2

further, unprofessional behavior because their behavior was interrupting the shipping department. On March 29, 2013, two coworkers filed complaints against Green "for directing abusive and threatening language at them." This prompted an investigation that resulted in Green being suspended without pay for five days and being instructed to stop harassing other employees.

Nearly a year later, a coworker filed a harassment and hostile work environment claim against Green after an incident on February 24, 2014. When Green's supervisors tried to discuss the complaint with Green he reacted by yelling "I have done prison time and I am not afraid to punch someone in the face . . . [people at Chantland] should quit trying to start things with me." Green then met with supervisors and a HR manager to discuss the incident. At this meeting, Green acted in a threatening manner and used threatening language. Chantland terminated his employment the same day.

In his filings, Green described a sign at Chantland that allegedly reads "Whites Only" as evidence of a hostile work environment. However, that sign actually reads "White QC Only" and is used to designate a bin for white rags that are used to clean white food-grade rubber. Green also tried to bait coworkers into making racist jokes. In his deposition testimony, Green admitted to telling racial jokes at work.

## IV. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id*.

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp* ., 475 U.S. 574, 586–87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question," *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249–50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248–49. Essentially, a genuine issue of material fact determination, and thus the availability of summary judgment, is a determination of "whether a proper jury question [is] presented." *Id*. at 249. A proper jury question is present if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*.

The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate

specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id*. However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376–77 (8th Cir. 1996).

## V. ANALYSIS

Chantland argues: (a) Green's section 1983 claim fails because Chantland is a private company, (b) Labor Code § 6310 is not applicable to this case, (c) Green was not subjected to racial discrimination, (d) Green was not subjected to a hostile work environment, (e) Green's termination was not causally linked to protected activity and (f) Green cannot prove any damages. Before addressing these issues, I will discuss the consequences of Green's failure to resist Chantland's motion.

*A.     Green's Failure to Resist*

Because Green did not respond to the motion, it may be granted without further notice.  *See* N.D. Ia. L.R. 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."); N.D. Ia. L.R. 56(c) ("If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court...."). Nonetheless, I must consider the merits of the motion to determine whether Chantland has established that it is entitled to judgment as a matter of law. *Maxwell v. Linn County Correctional Center*, 310 Fed. Appx. 49, 49–50 (8th Cir. 2009) (citing *Johnson v. Boyd–Richardson Co.*, 650 F.2d 147, 149 (8th Cir. 1981) (holding that the court has the "duty to inquire into the merits of [a summary judgment] motion and to grant or deny it, as the case may be, in accordance with law and the relevant facts" when a party fails to comply with local rules deadlines)); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion, ... grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to relief ... or ... issue any other appropriate order"). As such, I will address the merits of Chantland's arguments.

*B.     The Section 1983 Claim*

Title 42 U.S.C. § 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, it creates no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393–94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983'—for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393–94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means section 1983 provides remedies for violations of rights created by federal statute and by the Constitution.).

To state a claim under section 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The second element has been treated "as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). The Eighth Circuit has explained:

> The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a state actor, such as where the state has delegated to a private party a power "traditionally exclusively reserved to the State," *see Jackson v. Metro Edison Co.*, 419 U.S. 345, 352, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), where a private actor is a "willful participant in joint activity with the State or its agents," *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and where there is "pervasive entwinement" between the private entity and the state, *see Brentwood*, 531 U.S. at 291, 121 S.Ct. 924. These

7

particular circumstances are merely examples and intended to be exclusive. *See id.* at 295, 121 S.Ct. 924.

> . . . The one unyielding requirement is that there be a "close nexus" not merely between the state and the private party, but between the state and the alleged deprivation itself. *See Brentwood*, 531 U.S. at 295, 121 S.Ct. 924. No such nexus exists where a private party acts with mere approval or acquiescence of the state, *see Blum v. Yaretsky*, 457 U.S. 991, 1004-05, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), but a private entity may be considered a state actor if it "has acted together with or has obtained significant aid from state officials" in furtherance of the challenged action. *Lugar*, 457 U.S. at 937, 102 S.Ct. 2744.

*Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).

In this case, Chantland is a private company, not a public utility, does not provide a public service, is not contracted to provide a public service and does not receive public funding. Doc. No. 76-2 at 1. There is no evidence to support a finding that Chantland is a state actor or that there was any state action in this case. As such, Green's claim under section 1983 fails as a matter of law.

### C.   The "Labor Code Section 6310" Claim

In Count II, Green contends Chantland violated "Labor Code § 6310." No such provision exists under Iowa or federal law. According to Chantland, "[t]he State of California is the only state that has a 'Labor Code § 6310'." Doc. No. 76-1 at 6. Green has not argued otherwise.

There is no basis for applying California law to Green's claims against Chantland. A federal court must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 497 (1941). Iowa uses the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws to resolve choice of law issues. *See, e.g., Veasley v. CRST Int'l, Inc*. 553 N.W.2d 896, 897-98 (Iowa 1996); *Pro Edge, L.P. v. Gue*, 374 F. Supp. 2d 711, 736 (N.D. Iowa

2005). Under that test, "'the court of the forum should apply the policy of the state with the most interest in the litigants and the outcome of the litigation.'" *Veasley*, 553 N.W.2d at 897 (quoting *Fuerste v. Bemis*, 156 N.W.2d 831, 834 (Iowa 1968)). Here, there is no evidence suggesting that either Green or Chantland has any relationship with California, let alone a relationship so significant as to justify the application of California law to Green's employment with Chantland in Iowa. Because Labor Code § 6310 does not apply, Green's claims based on that statute fail as a matter of law.

### D. The Title VII Claims
#### 1. Racial Discrimination

"A plaintiff alleging race discrimination may survive summary judgment either by direct evidence, or by creating an inference of discrimination under the *McDonnell Douglas*[2] burden-shifting framework." *Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 873 (8th Cir. 2010). The undisputed facts, as set forth above, include no direct evidence of discrimination. As such, Green's claim must be analyzed under *McDonnell Douglas*. This means Green must first establish a prima facie case of race discrimination by showing "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." *Id.* at 874; *accord Norman v. Union Pac. R.R. Co.*, 606 F.3d 455, 461 (8th Cir. 2010). A prima facie case creates a rebuttable presumption of discrimination. *Kohrt v. MidAmerican Energy Co.*, 364 F.3d 894, 897 (8th Cir. 2004). This shifts the burden to the defendant to provide a legitimate, nondiscriminatory reason for its decision. *McDonnell Douglas*, 411 U.S. at 802. "If the defendant provides such a reason, the presumption disappears, and the burden shifts

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

back to the plaintiff to show that the proffered reason was pretext" for discrimination. *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1153 (8th Cir. 2007).

Here, it appears to be undisputed that Green is a member of a protected class and suffered an adverse employment action. However, Chantland argues that Green cannot establish the second or fourth elements of his prima facie case. With regard to the second element, Chantland contends that Green failed, as a matter of law, to meet his employer's legitimate expectations. Chantland notes that Green (a) was previously suspended for harassment and creating a hostile-work environment, (b) used threatening language towards coworkers and supervisors and (c) was warned to stop engaging in these types of behaviors. As for the fourth element, Chantland states that there is no evidence of circumstances that could give rise to an inference of discrimination, such as evidence that similarly situated employees outside the protected class were treated differently. Green has offered no evidence, and there is none in the record, to suggest that similarly situated employees were treated differently. Additionally, there is no evidence that would suggest any racial motivation behind the actions taken by Green's supervisors.

Based on the undisputed facts in the summary judgment record, I agree with Chantland that Green has not demonstrated a prima facie case of discrimination, as (a) Green failed to meet Chantland's legitimate expectations with regard to his workplace behavior and (b) there is no evidence giving rise to an inference of discrimination. In the alternative, I note that Chantland would be entitled to summary judgment even if Green could establish a prima facie case. Chantland has articulated a nondiscriminatory reason for Green's discharge and there is absolutely no evidence suggesting that this reason is pretextual. As such, Green's racial discrimination claim fails at both the first step (prima facie case) and the third step (pretext) of the *McDonnell Douglas* analysis.

## 2. Hostile Work Environment

"Hostile work environment claims are limited in nature, requiring a high evidentiary showing that the plaintiff's workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 550 (8th Cir. 2007); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Farmland Foods, Inc. v. Dubuque Human Rights Comm'n*, 672 N.W.2d 733, 744–45 (Iowa 2003). To make out a prima facie case of a hostile work environment, Green must show (a) he belonged to a protected class; (b) he was subject to unwelcome harassment; (c) a causal connection between the harassment and his protected status; and (d) the harassment affected a term, condition, or privilege of employment. *Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1194–95 (8th Cir. 2006) (*citing Al–Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005)).

In considering whether harassment affected a term condition or privilege of employment, courts consider all of the relevant circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 843 (8th Cir. 2002); *Farmland Foods*, 672 N.W.2d at 744–45. Not all conduct that is deplorable and offensive rises to this level, as courts strive to avoid imposing "a code of workplace civility." *Id.* at 843. Thus, for example, the "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee" does not rise to an actionable level. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986). Instead, "[m]ore than a few isolated incidents are required," and the harassment must be so intimidating, offensive, or hostile that it "poisoned the work

environment." *Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 967 (8th Cir. 1999) (citations omitted); *see also Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 993 (8th Cir. 2003) (noting that "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment' ") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *Martin v. Champion Ford, Inc.*, 41 F. Supp. 3d 747, 756-60 (N.D. Iowa 2014) (summarizing Eighth Circuit law concerning the severity and pervasiveness necessary to support a hostile work environment claim).

Again, there is no dispute that Green belongs to a protected group. However, he has not come close to establishing the remaining elements of his prima facie claim. Green has provided no evidence suggesting that he was subjected to unwelcome harassment based on his race that affected a term, condition or privilege of employment. The record reflects only two allegations that could be deemed to constitute unwelcome harassment. One involves an alleged "Whites Only" sign that, as Chantland has shown, actually reads "White QC Only" to indicate that certain pulleys made with white, food-grade rubber should be cleaned with white rags. Doc. No. 76-2 at 4-5; Doc No. 76-3 at 45. Green's claim that this perfectly-legitimate sign constitutes racial harassment is ridiculous.

The other involves a general allegation that white women are given preferential treatment to black men. Doc No. 76-3 at 45. Green has provided no evidence, and alleged no facts, supporting this claim. Even if some evidence supported the allegation, it does not rise to the level of workplace harassment so severe and pervasive as to affect a term, condition, or privilege of employment. Green's hostile work environment fails as a matter of law.

### 3. *Retaliation for Engaging in Protected Conduct*

The elements of a retaliation claim under Title VII are "(1) protected activity, (2) subsequent adverse employment action, and (3) a causal relationship between the two." *Id*. To prove causation Green must how that "the desire to retaliate was the but for cause of [his] termination – that is, that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action of the [company]." *Wright v. St. Vincent Health System*, 730 F.3d 732, 737 (8th Cir. 2013) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, --- U.S. ---, 133 S.Ct. 2517, 2528 (2013)).

Green has failed to come forward with evidence from which the finder of fact could conclude that his reporting of alleged discrimination was the but-for cause of either his discharge or any workplace harassment. The undisputed facts demonstrate that Green was discharged because he displayed threatening behavior and language to coworkers and supervisors on February 24, 2014. No evidence suggests that Chantland's explanation is mere pretext for retaliatory intent. Chantland is entitled to summary judgment on this claim.[3]

## VI. CONCLUSION

For the reasons set forth herein:

1. Defendant's motion (Doc. No. 76) for summary judgment is **granted** with regard to all claims.

2. Judgment shall enter against plaintiff Anthony James Green and in favor of defendant Chantland Company.

3. The trial of this case, which is currently scheduled to begin October 17, 2016, is **canceled**.

---

[3] Because Chantland is entitled to summary judgment on all of Green's claims, I need not address Chantland's alternative argument that Green cannot, as a matter of law, prove any damages.

4. Because this order disposes of all pending claims, this case is **closed**.

**IT IS SO ORDERED.**

**DATED** this 4th day of August, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE